UNITED STATES DISTRICT COURT,
DISTRICT OF NEBRASKA

| | |
|---|---|
| JOLENE EGGER, | : Case No. 4-12-CV-03211 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| GGNSC FULLERTON, LLC and | : |
| GGNSC ADMINISTRATIVE SERVICES LLC, | : |
| | : |
| Defendants. | : |
| | : |

**STIPULATED PROTECTIVE ORDER**

By stipulation of the parties, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) regarding discovery of any form whatsoever that concerns the information listed below. One purpose of this Protective Order is to comply with the Health Insurance Portability and Accountability Act ("HIPAA"), specifically HIPAA Regulation 45 C.F.R. § 164.512(e), which dictates the protections necessary to permit disclosure of protected health information in the course of a judicial proceeding. The Court hereby orders that such discovery of the information listed below will be subject to the following terms and conditions:

1. "Confidential Information" that may be produced during discovery and subject to this Protective Order, includes but is not limited to: (1) all employee personnel files, notes, letters, correspondence, memoranda, records, billing records, work papers, and other information referring or relating in any manner to any and all of Defendants' current or former employees; (2) any and all documents and/or information relating in any manner to Defendants' policies and

1

procedures, business operations and/or financial data; (3) Plaintiff's medical, financial and related records; and (4) medical information, medical claims, billing information, and "protected health information" as that term is defined under HIPAA, shall not be shown to, furnished to, or otherwise disclosed to anyone other than the Court, Plaintiff, Defendants, counsel of record, persons directly assisting counsel of record, and all qualified persons as defined in paragraph 2 of this Order. For purposes of this Protective Order, the phrase "persons directly assisting counsel of record" means other persons employed in the counsel of record's office and experts or outside consultants retained by counsel of record to assist in the preparation of this case, Case No. 4-12-CV-03211.

2. The term "qualified persons" as used in this Order shall include only the following: (a) counsel of record for the parties in this action, and all other attorneys, paralegals, stenographic and clerical employees of the law firm(s) of such counsel of record assisting in the prosecution or defense of this action; (b) independent experts, consulting firms or other independent contractors who are not regular employees of a party hereto, but who are assisting counsel of record in the prosecution or defense of this action; (c) any party, or any employee, agent or representative of a party hereto; (d) any deponent who in the good faith opinion of counsel must be shown the contents of any documents or other Confidential Information subject to this Order in prosecution or defense of this action; (e) any witness in this action who in the good faith opinion of counsel must be shown the contents of any documents or other Confidential Information subject to this Order in prosecution or defense of this action; (f) court personnel, including court reporters, persons operating video recording equipment at depositions, any special master or mediator

appointed by the Court, and members of the jury; (g) any court reporters actually recording proceedings in this action; (h) the author of the Confidential Information, the addressee(s) or other recipients(s) thereof, or any person employed in a managerial position by the party producing the Confidential Information at the time the Confidential Information was created; and (i) other persons as agreed by the party who produced the Confidential Information or as ordered by the Court.  "Qualified persons" as defined in this paragraph 2(b), (c), (d), (e), (h), and (i) shall be given a copy of this Order and be informed that they are bound to the terms of this Order with respect to any information and documents disclosed to them.

     3.    All copies of documents and discovery provided pursuant to this Protective Order shall be stamped in advance with the legend, "Confidential" or "Subject to Protective Order," or so noted upon a document which reasonably describes the discovery so designated.

     4.    The discovery provided pursuant to this Protective Order, and/or the data and information contained therein, and any other discovery designated with the legend "Confidential" or "Subject to Protective Order," or so noted upon a document which reasonably describes the materials so designated, if filed with the Court as exhibits to depositions or as trial exhibits or as exhibits to a pleading, motion, memoranda, brief or other documents, shall be filed as a "Restricted Access Document" pursuant to the Court's local rules and shall be accessible to the Court, Plaintiff, Plaintiff's counsel of record, Defendants, and Defendants' counsel of record.

     5.    Any and all copies of discovery provided pursuant to this Protective Order and/or the data and information contained therein, and any other discovery designated with the legend, "Confidential" or "Subject to Protective Order," or so noted upon a document which reasonably

describes the discovery so designated in the possession of persons other than the Court shall be returned to respective counsel of record upon the completion of Case No. 4-12-CV-03211 or opposing counsel shall certify that same have been destroyed.

6. The discovery provided pursuant to this Protective Order and/or the data and information contained therein and any other discovery designated with the legend, "Confidential" or "Subject to Protective Order," or so noted upon a document which reasonably describes the discovery so designated shall not be used or disclosed for any purpose other than preparation and presentation of the Plaintiff's and Defendants' case in this action, Case No. 4-12-CV-03211, and shall not be used in any lawsuit, claim, or cause of action other than Case No. 4-12-CV-03211.

7. Any Qualified Persons as defined in paragraph 2(b), (c), (d), (e), (h), and (i) to whom the discovery is provided pursuant to this Protective Order and/or the information contained therein, and any other discovery designated with the legend "Confidential" or "Subject to Protective Order," or so noted upon a document which reasonably describes the discovery so designated, is shown, furnished, or otherwise disclosed, shall be shown a copy of this Protective Order and shall be subject to its terms. He or she shall also acknowledge his or her understanding of the Order by signing a copy of the same.

8. The parties acknowledge and understand that the Court retains its inherent right to alter the provisions of this Protective Order when the Court believes the interests of justice will be served by any such alteration. The parties agree that either party may apply to the Court for modification of the Order. The parties further agree that if either party believes a designation of

information as protected or confidential is unwarranted, that party may seek a ruling from the Court as to the designation.

**IT IS SO ORDERED.**

Date:  March 22, 2013                                *s/ Cheryl R. Zwart*
                                                     United States Magistrate Judge

**SO STIPULATED:**

| | |
|---|---|
| /s/ Kathleen M. Neary | /s/ Charles M. Roesch |
| Kathleen M. Neary | Susan Sapp |
| Vincent M. Powers & Associates | Cline Williams Wright Johnson & Oldfather LLP |
| 411 South 13th Street, Suite 300 | 190 U.S. Bank Building |
| Lincoln, NE 68508 | 233 South 13th Street |
| Phone: (402) 474-8000 | Lincoln, NE 68508 |
| Fax: (402) 474-5006 fax | Phone: (402) 474-6900 |
| | Fax: (402) 474-5393 |
| *Attorney for Plaintiff Jolene Egger* | |
| | Charles M. Roesch |
| | Carly E. Chu |
| | Dinsmore & Shohl LLP |
| | 255 East Fifth Street, Suite 1900 |
| | Cincinnati, Ohio 45202 |
| | Phone: (513) 977-8200 |
| | Fax: (513) 977-8141 |
| | chuck.roesch@dinsmore.com |
| | carly.chu@dinsmore.com |
| | |
| | *Attorneys for Defendants GoldenLiving Center-Fullerton and GGNSC Administrative Services* |

2400490v1